DRACO REALTY CORPORATION, Judgment Creditor, *v.* HERBERT J. KRAPP, Judgment Debtor.

City Court of New York, New York County, November 22, 1940.

*Ruth Ranson,* for the judgment creditor.

*William C. Chanler, Corporation Counsel [Arthur Kahn, Assistant Corporation Counsel,* of counsel], for the City of New York.

COLEMAN, J. There is no valid reason, it seems to me, why the city of New York should be immune from third-party process in supplementary proceedings. Section 779 of the Civil Practice Act does not specifically except municipal corporations from its scope, but it should be construed in favor of a policy of aiding a judgment creditor in the discovery of assets of a judgment debtor.

The salaries of the city's employees are subject to garnishment, but the garnishee order must specify the particular department or bureau in which the judgment debtor is employed. (Civ. Prac. Act, § 684, subd. 6.) In many instances it would only be by a

third-party order that the necessary information would be disclosed. In this proceeding the judgment debtor is not a regular employee of the city, he is employed on occasion in connection with real estate litigation. No official publication of civil service employees would yield any information to the judgment creditor as to the city's indebtedness to the judgment debtor, and without examination of the city under a third-party order, the creditor would be hampered. True, the judgment debtor himself may be examined, but apparently there are difficulties in the way of serving him.

It is true, as the corporation counsel points out, that the Appellate Divison in this department (*Manufacturers Trust Co.* v. *Ross*, 252 App. Div. 292) has held the Home Owners Loan Corporation to be immune from examination as a third party in supplementary proceedings, on the ground that it is an instrumentality of the government of the United States, and that in creating it Congress did not subject it to the kind of process there involved. But in *Federal Housing Administration* v. *Burr* (309 U. S. 242) the court, after noticing the decision of the Appellate Division, among others (p. 243), held that the salary of an employee of the Federal Housing Authority was subject to garnishment by order of a State court, since the Housing Authority, by statute, could " sue and be sued," and attachment and garnishment were common incidents in the process of being sued. The court referred to the increase in the number of " Federal governmental corporations " and added that, in the absence of a showing that suit against one would result in grave interference with the performance of a governmental function, " it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to ' sue or be sued,' that agency is not less amenable to judicial process than a private enterprise under like circumstances would be " (p. 245).

The reasoning in the *Burr* case should control here. The general question of liability to suit of municipal corporations is not involved; but municipalities are increasing their activities, and the numbers of those to whom it stands in the relation of employer to employee or with whom it enters into otherwise every-day business relations are expanding. If those persons could, by the intervention of the municipality in its own behalf — not theirs — make use of their relationship to the city as a shield to impede the collection of debts, suits and judgments against this very large group might lose their efficacy. There is no compelling reason why they should be shielded.

The corporation counsel suggests that the time of public officers would be taken up in answering third-party proceedings, to the neglect of their proper duties. That, indeed, would be matter for consideration by the Legislature, which might be disposed to regulate the procedure in the case of municipalities somewhat in the manner now prescribed for financial institutions which, to an extent, are relieved from the necessity of appearing in court in third-party proceedings. (Civ. Prac. Act, § 782-a.)

The motion by the city to vacate the third-party order heretofore served upon it is denied.